UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JORDAN HOLLEY,<br>          Defendant, | Criminal No. 25-292 (EGS) |

**ORDER**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government has a continuing obligation to produce all evidence required by the law, the Federal Rules of Criminal Procedure, and the Local Rules of this Court. *See id.,* 373 U.S. at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the obligation to disclose includes producing evidence "known only to police investigators and not to the prosecutor" and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf . . . , including the police"); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-55

1

(1972) (holding that *Brady* encompasses impeachment evidence); *Cone v. Bell*, 556 U.S. 449, 472–75 (2009) (holding that even if information is not material to a determination of guilt, it may still be material to sentencing); *see also* Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure); *United States v. Marshall*, 132 F.3d 63, 67-68 (D.C. Cir. 1998) (holding that the disclosure requirements of Federal Rule of Criminal Procedure 16(a) apply to inculpatory, as well as exculpatory, evidence)[1]; *see also* LCrR 5.1; D.C. R. Prof. Conduct 3.8(d) (explaining *Brady* material "can include . . . information tending to support a motion to suppress evidence"). Adherence to the government's *Brady* obligations "will serve to justify trust in the prosecutor as 'the representative . . . of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" *Kyles*, 514 U.S. at 439 (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)); *see also* D.C. R. Prof. Conduct 3.8 (listing the "Special Responsibilities of a Prosecutor").

---

[1] At the time the United States Court of Appeals for the District of Columbia Circuit decided *Marshall*, the requirement to produce information relevant to preparation of a defense was located in Federal Rule of Criminal Procedure 16(a)(1)(C). *See Marshall*, 132 F.3d at 67-68. In 2002, the rule was amended, and Rule 16(a)(1)(C) was one of several requirements that were re-lettered; its provisions are now included as part of Rule 16(a)(1)(E). *See* Advisory Committee Note to Fed. R. Crim. P. 16 (2002).

The government's *Brady* obligation to provide exculpatory evidence in a timely manner is not diminished by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16. *See United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir. 1988); *see also* Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled."). Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure. *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988); *United States v. Pasha*, 797 F.3d 1122, 1136 (D.C. Cir. 2015) ("[U]ncertainty [as to whether a statement would have been favorable or unfavorable to the accused] must be charged to the government's case.").

Accordingly, the Court, *sua sponte,* directs the government to produce to defendant in a timely and continuing manner any information or evidence in its possession that is favorable to the defendant in preparation of their defense, or in mitigation of punishment. *See e.g.*, LCrR 5.1(a) ("Beginning at the defendant's arraignment and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose such information to the defense as soon as reasonably

3

possible after its existence is known, so as to enable the defense to make effective use of the disclosed information in the preparation of its case."). This government responsibility includes producing, during plea negotiations, any exculpatory evidence in the government's possession.[2] Even if ultimately disclosed, a failure to timely produce *Brady* information may constitute prejudice if the accused suffers from the delay. *See Pasha*, 797 F.3d at 1133 (months-long delay in turning over

---

[2] *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) (government not required "to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant"); *United States v. Chansley*, Case No. 21-cr-3, 2023 WL 4637312, at *9–10 (D.D.C. July 20, 2023) (agreeing with the government that "there is currently a circuit split on the issue with no binding authority in this Circuit," and deciding to "join[] the weight of authority and the principles enshrined in *Brady* to conclude that a defendant may challenge the validity of his guilty plea on the basis of *Brady*", meaning that "*Brady* provides a right to the disclosure of exculpatory evidence at the plea-bargaining stage"); *id.* at *9 (comparing five United States Courts of Appeal that recognize *Brady* rights to exculpatory evidence at plea bargaining with two that do not); *United States v. Moussaoui*, 591 F.3d 263, 286 (4th Cir. 2010)(noting that the "Supreme Court has not addressed the question of whether the *Brady* right to *exculpatory* information, in contrast to *impeachment* information, might be extended to the guilty plea context")(emphases in the original); *United States v. Ohiri*, 133 F. App'x 555, 562 (10th Cir. 2005)("By holding in *Ruiz* that the government committed no due process violation by requiring a defendant to waive her right to impeachment evidence before indictment in order to accept a fast-track plea, the Supreme Court did not imply that the government may avoid the consequence of a *Brady* violation if the defendant accepts an eleventh-hour plea agreement while ignorant of withheld exculpatory evidence in the government's possession."); *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003)(noting that given the "significant distinction between impeachment information and exculpatory evidence of actual innocence . . . it is highly likely that the Supreme Court would find a violation of the Due Process Clause if prosecutors or other relevant government actors have knowledge of a criminal defendant's factual innocence but fail to disclose such information to a defendant before he enters into a guilty plea").

evidence prejudiced one defendant); *but see United States v. Mason*, 951 F.3d 567, 575 (D.C. Cir. 2020) (delay did not inflict prejudice). The government's obligation to disclose *Brady* material continues after a defendant's conviction. *See e.g.*, *Banks v. Dretke*, 540 U.S. 668, 675-76 (2004) ("When police or prosecutors conceal significant exculpatory or impeaching material in the State's possession, it is ordinarily incumbent on the State to set the record straight."); *Contempt Finding in United States v. Stevens*, 744 F. Supp. 2d 253, 261 (D.D.C. 2010) (denying motion to vacate finding of contumacious conduct regarding prosecutors' failure to disclose evidence post-trial, as ordered), *aff'd* 663 F.3d 1270 (D.C. Cir. 2011); D.C. R. Prof. Conduct 3.8(h), (i).

The government is further directed to produce all discoverable evidence in a readily usable form. For example, the government must produce documents as they are kept in the usual course of business or must organize and label them clearly. The government must also produce electronically-stored information in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the government is directed to produce it in a readily-usable form. If the information already exists or was memorialized in a tangible format, such as a document or recording, the information shall be produced in that format. If the information does not exist in such a format

5

and, as a result, the government is providing the information in a summary format, the summary must include sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness. The government's obligation exists "regardless of whether the information would itself constitute admissible evidence." LCrR 5.1(a).

Finally, if the government has identified any information which is favorable to the defendant but which the government seeks to withhold from disclosure, the government shall submit such information to the Court for *in camera* review.[3]

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**October 20, 2025**

---

[3] Judicial colleagues on this Court have persuasively explained why the materiality standard that is used *after the fact* to determine whether prejudice resulted from a failure to disclose *Brady* evidence or information cannot be used prospectively when describing pre-trial disclosure obligations:

> The problem with this iteration of *Brady* and the government's view of its obligations at this stage of the proceedings, however, is that it permits prosecutors to withhold admittedly favorable evidence whenever the prosecutors, in their wisdom, conclude that it would not make a difference to the outcome of the trial. Most prosecutors are neither neutral (nor should they be) nor prescient, and any such judgment necessarily is speculative on so many matters that simply are unknown and unknowable before trial begins: which government witnesses will be available for trial, how they will testify and be evaluated by the jury, which objections to testimony and evidence the trial judge will sustain and which he will overrule, what the nature of the defense will be, what witnesses and evidence

6

---

>    will support that defense, what instructions the
>    Corut ultimately will give, what questions the
>    jury may pose during deliberations (and how they
>    may be answered), and whether the jury finds guilt
>    on all counts or only some (and which ones).
>
>    The prosecutor cannot be permitted to look at the
>    case pretrial through the end of the telescope an
>    appellate court would use post-trial. Thus, the
>    government must always produce any potentially
>    exculpatory or otherwise favorable evidence
>    without regard to how the withholding of such
>    evidence might be viewed-with the benefit of
>    hindsight-as affecting the outcome of the trial.
>    The question before trial is not whether the
>    government thinks that disclosure of the
>    information or evidence it is considering
>    withholding might change the outcome of the trial
>    going forward, but whether the evidence is
>    favorable and therefore must be disclosed.

*United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005); *see also United States v. Moore*, 867 F. Supp. 2d 150, 151 (D.D.C. 2012) (quotations & citations omitted) ("The government misses the mark in focusing on materiality in the context of the entire record. In this pretrial setting, the Court has no way to know what the rest of the record will show; nor does the government, since at best, it can only speculate as to the trial record."); *United States v. Olson*, 704 F.3d 1172, 1183 (9th Cir. 2013), *reh'g en banc denied*, 737 F.3d 625 (9th Cir. 2013) ("This [materiality determination] is necessarily a retrospective test, evaluating the strength of the evidence after trial has concluded."); *id.* at 1183 n.3 ("A trial prosecutor's speculative prediction about the likely materiality of favorable evidence, however, should not limit the disclosure of such evidence, because it is just too difficult to analyze before trial whether particular evidence ultimately will prove to be 'material' after trial.").